**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF GEORGIA
STATESBORO DIVISION**

FILED
Scott L. Poff, Clerk
United States District Court

By staylor at 11:24 am, Mar 16, 2017

DARRIYON L. OGLESBY,

        Plaintiff,

        v.

SGT. ALLEN SMITH; OFFICER KYLE A.
BRILEY; and CITY OF STATESBORO,

        Defendants.

CIVIL ACTION NO.: 6:16-cv-105

## ORDER and MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

Plaintiff submitted a Complaint pursuant to 42 U.S.C. § 1983 while he was housed at Coffee Correctional Facility in Nicholls, Georgia, regarding the circumstances of his arrest. (Doc. 1.)  For the reasons which follow, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DISMISS AS MOOT** Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis*, (doc. 5), and **DIRECT** the Clerk of Court to **CLOSE** this case.  Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

## BACKGROUND

In his Complaint, Plaintiff contends that Defendants Smith and Briley, officers for the City of Statesboro, violated his due process rights and he and his "child's mother's" Fourth Amendment rights when they wrongfully arrested him at "his child's mother's home."  (Doc. 1, p. 3.)  On August 7, 2011, Defendants Smith and Briley received a 911-call reporting a possible theft at Walmart.  As a result, Defendant Briley arrived at Plaintiff's "child's mother's home"

and, after obtaining consent, searched the home and the vehicle.  (Id. at pp. 2–3; Doc. 1-1, p. 4.)

Plaintiff alleges that Defendants did not have an arrest or search warrant and "there were

absolutely no exigent circumstances involved at any time whatsoever."  (Doc. 1, p. 3.)  Plaintiff

also asserts that "all of his efforts to appease the policemen who had surrounded the home were

products of subtle coercion and duress."  (Doc. 1-1, pp. 2–3.)  Defendants ultimately arrested

Plaintiff for sexual battery.  (Doc. 1-3, p. 8.)  Plaintiff asserts that after the arrest, Defendants

failed to provide Miranda warnings prior to his statement that he had been previously arrested in

Savannah for a similar charge.  (Id. at pp. 1, 8.)  Plaintiff contends that because this "illegal

arrest was the foundation of the jury-trial and conviction and the conviction still continues," he is

entitled to damages of $5 million per year for every year of incarceration, $5 million in punitive

damages, and $300,000 in damages on behalf of his child's mother.  (Doc. 1, pp. 1, 7.)

## STANDARD OF REVIEW

Plaintiff seeks to bring this action *in forma pauperis*.  Under 28 U.S.C. § 1915(a)(1), the

Court may authorize the filing of a civil lawsuit without the prepayment of fees if the plaintiff

submits an affidavit that includes a statement of all of his assets, shows an inability to pay the

filing fee, and also includes a statement of the nature of the action which shows that he is entitled

to redress.  Even if the plaintiff proves indigence, the Court must dismiss the action if it is

frivolous or malicious, or fails to state a claim upon which relief may be granted.  28 U.S.C.

§§ 1915(e)(2)(B)(i)–(ii).  Additionally, pursuant to 28 U.S.C. § 1915A, the Court must review a

complaint in which a prisoner seeks redress from a governmental entity.  Upon such screening,

the Court must dismiss a complaint, or any portion thereof, that is frivolous or malicious, or fails

to state a claim upon which relief may be granted or which seeks monetary relief from a

defendant who is immune from such relief.  28 U.S.C. § 1915A(b).

The Court looks to the instructions for pleading contained in the Federal Rules of Civil Procedure when reviewing a Complaint on an application to proceed *in forma pauperis*.  <u>See</u> Fed. R. Civ. P. 8 ("A pleading that states a claim for relief must contain [among other things] . . . a short and plain statement of the claim showing that the pleader is entitled to relief."); Fed. R. Civ. P. 10 (requiring that claims be set forth in numbered paragraphs, each limited to a single set of circumstances).  Further, a claim is frivolous under Section 1915(e)(2)(B)(i) "if it is 'without arguable merit either in law or fact.'"  <u>Napier v. Preslicka</u>, 314 F.3d 528, 531 (11th Cir. 2002) (quoting <u>Bilal v. Driver</u>, 251 F.3d 1346, 1349 (11th Cir. 2001)).

Whether a complaint fails to state a claim under Section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  <u>Thompson v. Rundle</u>, 393 F. App'x 675, 678 (11th Cir. 2010).  Under that standard, this Court must determine whether the complaint contains "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  <u>Ashcroft v. Iqbal</u>, 556 U.S. 662, 678 (2009) (quoting <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 570 (2007)).  A plaintiff must assert "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not" suffice.  <u>Twombly</u>, 550 U.S. at 555.  Section 1915 also "accords judges not only the authority to dismiss a claim based on an indisputably meritless legal theory, but also the unusual power to pierce the veil of the complaint's factual allegations and dismiss those claims whose factual contentions are clearly baseless."  <u>Bilal</u>, 251 F.3d at 1349 (quoting <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989)).

In its analysis, the Court will abide by the long-standing principle that the pleadings of unrepresented parties are held to a less stringent standard than those drafted by attorneys and, therefore, must be liberally construed.  <u>Haines v. Kerner</u>, 404 U.S. 519, 520 (1972); <u>Boxer X v.</u>

<u>Harris</u>, 437 F.3d 1107, 1110 (11th Cir. 2006) ("*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys.") (emphasis omitted) (quoting <u>Hughes v. Lott</u>, 350 F.3d 1157, 1160 (11th Cir. 2003)).   However, Plaintiff's unrepresented status will not excuse mistakes regarding procedural rules.   <u>McNeil v. United States</u>, 508 U.S. 106, 113 (1993) ("We have never suggested that procedural rules in ordinary civil litigation should be interpreted so as to excuse mistakes by those who proceed without counsel.").

**DISCUSSION**

## I.   <u>Heck v. Humphrey</u> and the <u>Rooker-Feldman</u> Doctrine

Plaintiff's Complaint centers on his prior conviction arising out of the arrest made by Defendants Smith and Briley.   However, his Complaint indicates that his conviction has not been reversed, expunged, invalidated, called into question by a federal court's issuance of a writ of habeas corpus, or otherwise overturned.   (Doc. 1.)   Consequently, this Court is precluded from reviewing his claims by the decision in <u>Heck v. Humphrey</u>, 512 U.S. 477 (1994).

In <u>Heck</u>, a state prisoner filed a Section 1983 damages action against the prosecutors and investigator in his criminal case for their actions which resulted in his conviction.   The Supreme Court analogized the plaintiff's claim to a common-law cause of action for malicious prosecution, which requires as an element of the claim that the prior criminal proceeding be terminated in favor of the accused.   512 U.S. at 484.   The Supreme Court reasoned:

> We think the hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments applies to § 1983 damages actions that necessarily require the plaintiff to prove the unlawfulness of his conviction or confinement, just as it has always applied to actions for malicious prosecution (footnote omitted).
>
> We hold that, in order to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, (footnote omitted), <u>a</u>

> § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Id. at 486–87 (emphasis added).

Under Heck, a plaintiff who is attempting "to recover damages for allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid," must make a showing that his conviction, sentence, or other criminal judgment was reversed, expunged, declared invalid by an appropriate state tribunal, or called into question in a federal court's issuance of a writ of habeas corpus. Id. If a plaintiff fails to make this showing, then he cannot bring an action under Section 1983. Id. at 489. Furthermore, to the extent a plaintiff contends that a favorable ruling on his claims would not invalidate his conviction, sentence, confinement, or other criminal judgment, the burden is on the plaintiff to prove this contention in order for his claims to proceed. Id. at 487. Although Heck involved a claim brought under 42 U.S.C. § 1983 for money damages, Heck's holding has been extended to claims seeking declaratory or injunctive relief as well as money damages. See Wilkinson v. Dotson, 544 U.S. 74, 81–82 (2005); Abella v. Rubino, 63 F.3d 1063, 1066 (11th Cir. 1995); see also Preiser v. Rodriguez, 411 U.S. 475, 500 (1973) ("[W]e hold today that when a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas

corpus."); Desravines v. Fla. Dep't of Fin. Servs., No. 6:11-CV-235-ORL-22, 2011 WL 2292180, at *3 (M.D. Fla. May 23, 2011) *report and recommendation adopted by* No. 6:11-CV-235-ORL-22, 2011 WL 2222170 (M.D. Fla. June 8, 2011) (citing Gray v. Kinsey, No. 3:09-cv-324/LC/MD, 2009 WL 2634205, at *9 (N.D. Fla. Aug. 25, 2009) ("Under this standard, it is not unusual for a § 1983 claim to be dismissed for failure to satisfy Heck's favorable termination requirement."); Domotor v. Wennet, 630 F. Supp. 2d 1368, 1379 (S.D. Fla. 2009) ("allowing the plaintiff to circumvent applicable state procedures and collaterally attack her convictions in federal court is the precise situation that Heck seeks to preclude" when plaintiff entered into a plea agreement with knowledge of substantially all of the allegations that now form the basis of a § 1983 action for damages); Cooper v. Georgia, No. CV413-091, 2013 WL 2253214, at *2 (S.D. Ga. May 22, 2013) *report and recommendation adopted by* No. CV413-091, 2013 WL 2660046 (S.D. Ga. June 11, 2013); Brown v. Renfroe, No. CV210-003, 2011 WL 902197, at *2 (S.D. Ga. Jan. 25, 2011), *report and recommendation adopted by* No. CV210-003, 2011 WL 892359 (S.D. Ga. Mar. 9, 2011), *aff'd sub nom.*, Brown v. Coleman, 439 F. App'x 794 (11th Cir. 2011).

In this case, Plaintiff has not shown that his conviction or sentence has been favorably terminated. To the contrary, Plaintiff's chief complaint is that the conviction and sentence have not been reversed, and that he is still being detained due to that conviction. (Doc. 1, p. 1.) Accordingly, the Heck decision unquestionably precludes Plaintiff's claims.

Additional grounds also support dismissal of Plaintiff's claims. Pursuant to the Rooker-Feldman doctrine, the Court is without jurisdiction over Plaintiff's claims, which essentially seek review of a state-court criminal charge against him. "The Rooker-Feldman doctrine derives from Rooker v. Fidelity Trust Company, 263 U.S. 413 (1923), and District of Columbia Court of Appeals v. Feldman, 460 U.S. 462 (1983), and provides that, as a general matter, federal district

courts lack jurisdiction to review a final state court decision." <u>McCorvey v. Weaver</u>, No. 15-10470, 2015 WL 5751756, at *1 (11th Cir. Oct. 2, 2015).  "<u>Rooker-Feldman</u> applies because, among the federal courts, Congress authorized only the Supreme Court to reverse or modify a state court decision." <u>Helton v. Ramsay</u>, 566 F. App'x 876, 877 (11th Cir. 2014) (citing <u>Exxon Mobil Corp. v. Saudi Basic Indus. Corp.</u>, 544 U.S. 280, 284 (2005)).  Because Plaintiff, through this Section 1983 action, essentially asks this Court to invalidate his conviction by finding the circumstances of his arrest unconstitutional, this Court lacks jurisdiction over his claims.

For these reasons, the Court should **DISMISS** Plaintiff's claims in their entirety.

## IV.  Leave to Appeal *in Forma Pauperis*

The Court should also deny Plaintiff leave to appeal *in forma pauperis*.[1]  Though Plaintiff has, of course, not yet filed a notice of appeal, it would be appropriate to address these issues in the Court's order of dismissal.  Fed. R. App. P. 24(a)(3) (trial court may certify that appeal is not taken in good faith "before or after the notice of appeal is filed").

An appeal cannot be taken *in forma pauperis* if the trial court certifies that the appeal is not taken in good faith.  28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(a)(3).  Good faith in this context must be judged by an objective standard.  <u>Busch v. Cty. of Volusia</u>, 189 F.R.D. 687, 691 (M.D. Fla. 1999).  A party does not proceed in good faith when he seeks to advance a frivolous claim or argument.  <u>See</u> <u>Coppedge v. United States</u>, 369 U.S. 438, 445 (1962).  A claim or argument is frivolous when it appears the factual allegations are clearly baseless or the legal theories are indisputably meritless.  <u>Neitzke v. Williams</u>, 490 U.S. 319, 327 (1989); <u>Carroll v. Gross</u>, 984 F.2d 392, 393 (11th Cir. 1993).  Or, stated another way, an *in forma pauperis* action is frivolous and, thus, not brought in good faith, if it is "without arguable merit either in law or

---

[1]  A certificate of appealability is not required in this Section 1983 action.

fact." Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); see also Brown v. United States, Nos. 407CV085, 403CR001, 2009 WL 307872, at *1–2 (S.D. Ga. Feb. 9, 2009).

Based on the above analysis of Plaintiff's action, there are no non-frivolous issues to raise on appeal, and an appeal would not be taken in good faith.  Thus, the Court should **DENY** Plaintiff *in forma pauperis* status on appeal.

## CONCLUSION

For the numerous reasons set forth above, I **RECOMMEND** that the Court **DISMISS** Plaintiff's Complaint for failure to state a claim, **DISMISS AS MOOT** Plaintiff's Second Motion for Leave to Proceed *in Forma Pauperis*, (doc. 5), and **DIRECT** the Clerk of Court to **CLOSE** this case.  Additionally, I **RECOMMEND** that the Court **DENY** Plaintiff leave to appeal *in forma pauperis*.

The Court **ORDERS** any party seeking to object to this Report and Recommendation to file specific written objections within fourteen (14) days of the date on which this Report and Recommendation is entered.  Any objections asserting that the Magistrate Judge failed to address any contention raised in the Complaint must also be included.  Failure to do so will bar any later challenge or review of the factual findings or legal conclusions of the Magistrate Judge.  See 28 U.S.C. § 636(b)(1)(C); Thomas v. Arn, 474 U.S. 140 (1985).  A copy of the objections must be served upon all other parties to the action.  The filing of objections is not a proper vehicle through which to make new allegations or present additional evidence.

Upon receipt of Objections meeting the specificity requirement set out above, a United States District Judge will make a *de novo* determination of those portions of the report, proposed findings, or recommendation to which objection is made and may accept, reject, or modify in whole or in part, the findings or recommendations made by the Magistrate Judge.  Objections not

meeting the specificity requirement set out above will not be considered by a District Judge.  A party may not appeal a Magistrate Judge's report and recommendation directly to the United States Court of Appeals for the Eleventh Circuit.  Appeals may be made only from a final judgment entered by or at the direction of a District Judge.  The Court **DIRECTS** the Clerk of Court to serve a copy of this Report and Recommendation upon the Plaintiff.

**SO ORDERED** and **REPORTED** and **RECOMMENDED**, this 16th day of March, 2017.

R. STAN BAKER
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA